In The United States District Court
Eastern District of Arkansas
Pine Bluff Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 28 2017
JAMES W. McCORMACK, CLERK
By: _____ DLP CLERK

Charles E. Hamner #143063      Plaintiff

V.     Case No. 5:17-cv-00079-JLH-BD

Danny Burls, et.al.      Defendants

## Objection To Partial Recommended Disposition

Plaintiff is a mentally ill inmate housed in the Ark. dept. of Corr. currently receiving mental health treatment daily for Post Traumatic Stress Disorder whom, is doing his very best to represent himself "Pro se" in this matter due to his very limited understanding of the law and all its terminology. At the time the plaintiff filed this initial complaint he failed to include the hardships endured during his Administrative confinement that would verify his deprivations in order to proceed on his procedural due process claim. During the 203 days the plaintiff was forcefully assigned to Administrative segregation due to retaliatory prison officials seeking revenge for what they presumed was falsified information during the course of an internal investigation involving a stress analysis test, the plaintiff lost his housing assignment and bed space in the prison's general population, the plaintiff lost his privilege to shower daily and was restricted to showering three times a week only, the plaintiff was undergoing mental health treatment at the time and was not receiving adequate prescribed doses of his mental health medication which, caused increased depression and anxiety issues, each time the plaintiff left his cell he was forcefully restrained by a tether strap with adjacent leg irons and handcuffed behind his back, plaintiff could not walk to

<PAGE 1 of 3>

the pill window to retrieve his own medication and left to rely on others irresponsibility, plaintiff had to stand in the door of his one man cell on the third tier just to watch t.v. on the wall of the barracks that was over fifty foot away whereas, in general population the plaintiff had a bench to sit on in the barracks directly in front of the television not five feet away, the plaintiff was often fed cold food three times a day due to waiting on a security officer to feed him versus whenever he was in general population he could walk to the chow hall and eat a hot meal, plaintiff was confined to a one man cell 23 hours per day, 5 days each week security or weather permitting otherwise, it was 24 hours a day, both days each weekend plaintiff was confined to his one man cell for 24 hours each day, plaintiff often refused shower and yard call due to being handcuffed and leg ironed for extended periods of time while security officers searched his cell or strip searched him, plaintiff is currently seeking to recover previous exhausted grievances and medical records that will reveal to the court their were more than only nine separate occasions he did not receive his mental health medication as prescribed per his psychologist and the deprivation of a serious mentally ill prisoners medication is not an ordinary incident of prison life. Precisely, in Exhibits A, C, G the plaintiff has presented evidence to the court his classification hearings were either sham or not reviewed pursuant to due process of law and defendant's never offered any evidence whatsoever, as to why they concluded after each hearing, that was charged with reviewing the plaintiff's housing status, that he remained a security concern or threat to security. They offered no evidence about Hamner's behavior or demeanor while in Ad-seg, his psychological status, or day-to-day dealings with him, nor any evidence from which it could be concluded that plaintiff Hamner had a generally volatile or disruptive character. At no time, will institutional records reflect from March

<PAGE 2 of 3>

26, 2015 through October, 15, 2015 A valid assessment done on the plaintiff verifying he was a current threat to institutional security or ever was based on prison professional's everyday evaluation or impressions due to their daily dealings with him over time. It is a fact of law that the reason for segregation must not only be valid at the outset but must continue to subsist during the period of segregation. See Kelly, 525 F.2d at 400. For the defendants to satisfy due process they must provide the plaintiff with a meaningful review of his current status and the reasons for his continued Ad-seg confinement. See the following pages for verification their was never given a reason for continued segregation: Exhibit C pg.2, Exhibit D pg.2, Exhibit E pg.2, Exhibit F pg.3, Exhibit G pg.2, Exhibit I pg.2. See also Williams v. Norris 2008 WL 2003319. The stress of not receiving meaningful reviews over a prolonged period of time and not receiving prescribed doses of his mental health medication took a physical and an emotional toll on depletin the plaintiff's stable mental condition. The plaintiff often couldn't sleep, had a lack of appetite, hallucinations, nightmares, restlessness, anxiety and panic attacks, feared securities motives and negligence due to his Ad-seg confinement. At the least it was cruel and unusual punishment and by the laws guaranteed by the United States of America to its own citizens was not to be tolerated even on its prisoners. The plaintiff has now made a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. See Sims v. Artuz 230 F.3d 14 (2000); Exhibit K pgs. 1-3; And all other included exhibits as well. Wherefore, every reason listed within this objection the plaintiff prays the court reconsider his procedural due process claim and agrees all defendants should be held accountable to answer his claims of retaliation.

dated: April 19, 2017                     Signed: Charles E. Hanner #143063

<PAGE 3 of 3>

(Exhibit K) pg 1 Infirmary

<u>UNIT LEVEL GRIEVANCE FORM</u> (Attachment I)

Unit/Center: Maximum Security (CS 5+ Facility)
Name: Charles Hanner (C-20 medium trusty)
DC#: 143063   Brks#: 5-37   Job Assignment: Ad-seg

FOR OFFICE USE ONLY
GRV.#: MX-15-0985
Date Received: 4-16-15
GRV. Code #: 600

4-10-15 (Date) STEP ONE: Informal Resolution

4-14-15 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: Does not resolve the problem of getting medication as prescribed

_____ (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm; emergency grievances are not for ordinary problems that are not of a serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. If an Emergency, state why: _____

Is this Grievance concerning Medical or Mental Health Services? ____ If yes, circle one: medical or mental
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): I am a mental health inmate whom is diagnosed with Anti-social personality disorder - Borderline Personality disorder and prescribed 40mg prozac daily at noon pill call by psychiatrist Shawn Richard M.D. I suffer from chronic depression and when I do not receive my anti-depressant medication it causes a chemical imbalance which leads to hallucinations and an emotional roller coaster ride. I ask for my medication, told the black female nurse passing out medication, I had not received my daily prescribed prozac medication in front of security corporal Robertson, she smiled at me while standing at another inmates cell in five barracks, and never returned with my medication on 4-5-15. This is an incident that occurs too often, one in which Mr. Rory Griffin at central office is well aware of. However, nothing is being done to correct this medical error that causes me being skipped randomly at pill call. It is very discomforting and unexcusable and happens to often for justification.

Charles Hanner                                    4-10-15
Inmate Signature                                  Date

*If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on 4-10-15 (date), and determined to be Step One and/or an Emergency Grievance No (Yes or No). This form was forwarded to medical or mental health? Yes (Yes or No). If yes, name of the person in that department receiving this form: _____ Date

Turner      37732      [signature]      4-10-15
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received

Describe action taken to resolve complaint, including dates: Hanner, I have spoke with nursing staff about the importance of receiving medication as scheduled.

[signature] April 2015                    Charles Hanner    4-14-15
Staff Signature & Date Returned           Inmate Signature & Date Received

This form was received on 4-15-15 (date), pursuant to Step Two. Is it an Emergency? No (Yes or No).
Staff Who Received Step Two Grievance: Turner   Date: 4-15-15
Action Taken: Forward   (Forwarded to Grievance Officer/Warden/Other) Date: 4-15-15
If forwarded, provide name of person receiving this form: Bithen   Date: 4-15-15

**DISTRIBUTION: YELLOW & PINK** – Inmate Receipts; **BLUE**-Grievance Officer; **ORIGINAL**-Given back to Inmate After Completion of Step One and Step Two.

5-37  (Exhibit K) pg.2
/MH

IGTT420  
3GH

Attachment IV
CB-5/0037

INMATE NAME: Hamner, Charles     ADC #: 143063B     GRIEVANCE #: MX-15-00985

## HEALTH SERVICES RESPONSE TO UNIT LEVEL GRIEVANCE

On 4/10/15 you submitted an informal grievance stating "I am a mental Health inmate whom is diagnosed with anti-social personality disorder-Borderline Personality disorder and prescribed 40 mg Prozac daily at noon pill call by psychiatrist Shawn Richard M.D. I suffer from chronic depression and when I do not receive my anti-depressant medication it causes a chemical imbalance which leads to hallucinations and an emotional roller coaster ride. I ask for my medication told the black female nurse passing out medication I had not received my daily prescribed Prozac medication in front of security Corporal Robertson she smiled at me while standing at another inmates cell in five barracks and never returned with my medication on 4-5-15. This is an incident that occurs too often, one in which Mr. Rory Griffin at Central office is well aware of. However nothing is being done to correct this medical error that causes me being skipped Randomly at pill call. It is very discomforting and unexcusable and happens to often for justification."

Upon review of the electronic documentation, since the time of the informal response, there have been nine days that the medication administration of Prozac has not been documented, two in the month of May. I have reviewed the nursing staff schedule to find out who was responsible for the medication pass on the dates that you were not administered the medication. The nurse will be counseled individually on the importance of medication administration and documentation. I will aslo ask that site leadership review your record periodically to ensure you are receiving your medication as prescribed. Due to the lack of documentation of administration of this medication, your grievance is found with merit.

_____  
Signature of Health Services Administrator/Mental Health Supervisor or Designee

RECEIVED - DEPUTY DIRECTOR  
ARKANSAS DEPARTMENT OF CORRECTION  
MAY 28 2015  
HEALTH & CORRECTIONAL PROGRAMS

Regional Manager     5-14-15  
Title     Date

FAILURE TO FOLLOW POLICY HAS RESULTED IN A REJECTION FOR THIS APPEAL AND MARKS THE END OF THE APPEAL PROCESS

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the Deputy Director for Health & Correctional Programs along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues which were not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE RESPONSE GIVEN ABOVE? I do not disagree with there being nine times since filing this particular complaint that I did not receive my medication because that is correct. What I disagree with is why it continues to happen and what justifies that Reason. I am a mental health inmate who desperately needs my medication every day as prescribed by my mental health doctor Shawn Richard M.D. I need to be transferred to Malvern so I can guarantee getting my medication.

IGTT420    Charles Hamner #143063    Page 1 of 2    May 16, 2015

(EXHIBIT K) pg. 3

IGTT405                                                Attachment V
3GT

## ACKNOWLEDGEMENT OF GRIEVANCE APPEAL
## or REJECTION OF APPEAL

TO: Inmate Hamner, Charles     ADC #: 143063B
FROM: Griffin, Rory L            TITLE: Dep Dir for Hlth and Corr Svc
RE: Receipt of Grievance MX-15-00985    DATE: 06/01/2015

Please be advised, the appeal of your grievance dated 04/10/2015 was received in my office on this date 06/01/2015

**Your grievance appeal is being returned pursuant to the Administrative Directive on Inmate Grievances due to one of the following:**

- ☒ The time allowed for appeal has expired
- ☒ The matter is non-grievable and does not involve retaliation:
    - ☒ (a) Parole and/or Release matter
    - ☒ (b) Transfer
    - ☒ (c) Job Assignment unrelated to medical restriction
    - ☒ (d) Disciplinary matter
    - ☒ (e) Matter beyond the Department's control and/or matter of State/Federal law
    - ☒ (f) Involves an anticipated event
- ☒ You did not send all the proper Attachments:
    - ☒ (a) Unit Level Grievance Form (Attachment 1)
    - ☒ (b) Warden's/Center Supervisor's Decision (Attachment III); or Health Services Response Attached (Attachment IV for Health Issues Only)
    - ☒ (c) Did not give reason for disagreement in space provided for appeal
    - ☒ (d) Did not complete Attachment III or IV with your name, ADC#, and/or date
    - ☒ (e) Unsanitary form(s) or documents received
    - ☒ (f) This Appeal was REJECTED because it was a duplicate of , or was frivolous or vexatious

FAILURE TO FOLLOW POLICY HAS RESULTED IN A REJECTION FOR THIS APPEAL AND MARKS THE END OF THE APPEAL PROCESS

\* Note: The form was not included during the grievance process as page 2 of 2 so plaintiff signed, dated, and included his ADC # on bottom page 1 of 2. see very bottom of pg. 2 (Exhibit K)