**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLES E. HAMNER, ADC #143063                                    PLAINTIFF

v.                                    NO. 5:17CV00079 JLH/BD

DANNY BURLS, *et al.*                                    DEFENDANTS

## MOTION TO DISMISS

1.      Plaintiff Charles E. Hamner, ADC #143063 ("Plaintiff") filed his Complaint pursuant to 42 U.S.C. § 1983, alleging due process violations and retaliation arising from his confinement in administrative segregation.

2.      Plaintiff brings suit against certain employees of the Arkansas Department of Correction (the "ADC Defendants") in their individual capacities only. Plaintiff requests compensatory and punitive damages, as well as a "declaration that the acts and omissions" of the ADC Defendants "violated plaintiff's rights under the constitution and laws of the United States."

3.      Pursuant to the Court's Order of May 4, 2017 (DE 6), and based upon the Partial Recommended Disposition (DE 4) which found that Plaintiff's confinement in administrative segregation did not constitute the deprivation of a protected liberty interest, Plaintiff's claims that the ADC Defendants violated his due process rights and failed to follow ADC policy were dismissed with prejudice. Following the Court's Order, Plaintiff's retaliation allegation is the only remaining claim.

1

4. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief may be granted. To sustain a claim against ADC Defendants in their individual capacities, Plaintiff must show that they, under color of state law, deprived him of a right, privilege or immunity secured by the Constitution and laws of the United States. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).

5. ADC Defendants are entitled to qualified immunity from Plaintiff's claims against them in their individual capacities.

6. Qualified immunity shields governmental employees acting within the scope of their duties from suit for money damages so long as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982).

7. Because ADC Defendants have not engaged in conduct that violated a constitutional right to which Plaintiff is entitled, and because the state of the law did not put ADC Defendants on notice that their alleged conduct was unconstitutional, qualified immunity bars Plaintiff's claims against ADC Defendants.

8. Plaintiff's prayer for declaratory relief should be dismissed pursuant to Rule 12(b)(6) because Plaintiff's Complaint fails to allege facts demonstrating an ongoing violation of federal law by the ADC Defendants such that declaratory relief against them in their individual capacities is warranted.

9.      Furthermore, Plaintiff's request for declaratory relief is moot. The events giving rise to the allegations in the Complaint occurred while Plaintiff was confined at the Maximum Security Unit at Tucker, Arkansas, but Plaintiff's place of present confinement is Varner Supermax at Grady, Arkansas.

10.     Finally, because Plaintiff's claims are frivolous and fail to state a claim for relief, it should be declared a strike under 29 U.S.C. § 1915(g).

11.     A brief in support of this motion is filed simultaneously herewith and incorporated herein by reference.

WHEREFORE, Separate ADC Defendants Danny Burls, Connie Jenkins, Maurice Williams, Steve Outlaw, and Marvin Evans pray that the Complaint be dismissed; and for all other just and proper relief to which they are entitled.

Respectfully submitted,

Leslie Rutledge
Attorney General

By:    */s/ William C. Bird III*
       Arkansas Bar No. 2005149
       Assistant Attorney General
       323 Center Street, Suite 200
       Little Rock, Arkansas 72201
       Telephone: (501) 682-1317
       Facsimile:  (501) 682-2591
       william.bird@arkansasag.gov

       *Attorneys for Separate Defendants*

## CERTIFICATE OF SERVICE

I, William C. Bird, Assistant Attorney General, do hereby certify that on June 30, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, William C. Bird, hereby certify that on June 30, 2017, I mailed this document by U.S. Postal Service to the following non CM/ECF participant:

Mr. Charles Hamner, ADC #143063
Varner Supermax
Arkansas Department of Correction
P.O. Box 400
Grady, Arkansas 71644-0600

*/s/ William C. Bird III*
William C. Bird III