## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

CHARLES E. HAMNER, ADC #143063                                    PLAINTIFF

v.                              NO. 5:17CV00079 JLH/BD

DANNY BURLS, *et al.*                                            DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I.     Introduction

Plaintiff Charles E. Hamner, ADC #143063 ("Plaintiff"), an inmate currently housed at the Varner Supermax unit of the Arkansas Department of Correction ("ADC"), filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his due process rights, failed to follow ADC policy, and retaliated against him for filing grievances in relation to his confinement in administrative segregation for a period of approximately seven (7) months in 2015. Plaintiff brings suit against current and former ADC employees Danny Burls, Connie Jenkins, Maurice Williams, Steve Outlaw, and Marvin Evans (the "ADC Defendants") in their individual capacities only. Each of the ADC Defendants were members of the "Classification Committee" which made determinations related to Plaintiff's confinement in administrative segregation. Plaintiff requests compensatory and punitive damages, as well as a "declaration that the acts and omissions" of the ADC Defendants "violated plaintiff's rights under the constitution and laws of the United States."

In its Order of May 4, 2017 (DE 6), the Court dismissed with prejudice all but Plaintiff's retaliation claim. The Order adopted the magistrate's Partial Recommended Disposition (DE 4), which found that Plaintiff's confinement in administrative segregation did not constitute the deprivation of a protected liberty interest. Because Plaintiff has failed to state a claim for relief, and because the ADC Defendants are prison officials who are entitled to qualified immunity, Plaintiff's Complaint against them should be dismissed.

## II.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a motion to dismiss should be granted in favor of Defendants on Plaintiff's claims if Plaintiff "fail[s] to state a claim upon which relief can be granted."  A complaint should be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). In determining whether to dismiss this Complaint under Rule 12(b)(6), the Court will assume the facts alleged in the Complaint are correct and will draw reasonable inferences from the facts in favor of the allegations in the Complaint. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002).

Dismissal under Rule 12(b)(6) operates to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319,

326-27 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  Legal conclusions, unsupported conclusions, and unwarranted inferences must be ignored and fail to withstand a Rule 12(b)(6) motion.  *See Farm Credit Svcs. v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003).

Because Plaintiff can present no set of facts that would entitle him to relief against the ADC Defendants, his complaint should be dismissed with prejudice. Specifically, Plaintiff's Complaint must be dismissed because the ADC Defendants are entitled to qualified immunity in their individual capacities, and Plaintiff can prove no set of facts demonstrating that the ADC Defendants violated a right to which Plaintiff was constitutionally or statutorily entitled.

### III.   Facts

According to Plaintiff's Complaint, on March 26, 2015, Plaintiff was taken from the Maximum Security Unit to the ADC Central Office to take a voice stress analysis test concerning confidential information he provided to security related to a planned attack by another inmate against a prison guard. (DE 2, p. 4). According to Plaintiff, the information he provided helped prevent a brutal assault on the prison security officer. Upon being returned to the Maximum Security Unit, Plaintiff was placed in administrative segregation, (DE 2, p. 4), where he remained until his transfer to the Tucker Unit on October 15, 2015. The documents attached to Plaintiff's Complaint establish that ADC Defendants recommended Plaintiff remain

3

in segregation due to security concerns related to a threat against the Plaintiff (DE 2, Ex. I, p. 60).

Between April 10, 2015 and August 31, 2015, Plaintiff filed a total of nine (9) grievances related to his classification status/administrative segregation alleging various failures of the ADC Defendants in following ADC policy (DE 2, Exhibits A – I, pp. 29-62).  Specifically, Plaintiff filed the following grievances, all of which are attached to Plaintiff's Complaint:

| DATE | EXHIBIT | GRIEVANCE NO. | SUMMARY OF COMPLAINT |
|------|---------|---------------|----------------------|
| 4/10/15 | A | MX-15-00989 | Placed in administrative segregation without following proper protocol; not seen by Classification Committee on 4/1/15; did not receive 72 hour probable cause hearing |
| 4/16/15 | B | MX-15-01029 | ADC staff falsified state documents |
| 5/18/15 | C | MX-15-01308 | ADC staff did not follow policy re: administrative segregation procedures; ADC staff did not complete forms |
| 5/27/15 | D | MX-15-01407 | ADC Classification Committee did not follow policy in filling out 7-day review form correctly |
| 6/7/15 | E | MX-15-01501 | ADC Classification Committee voted to approve continued administrative segregation but failed to give a reason on the 843-0 form as to why administrative segregation is continued |
| 6/2/15 | F | MX-15-01455 | Same as MX-15-01501 |
| 6/16/15 | G | MX-15-01570 | ADC Classification Committee failed to follow procedure re: 60-day review of administrative segregation; inmate not allowed to appear at 60-day review; no reason listed on 843-0 for continued status |
| 8/25/15 | H | MX-15-02241 | Questions ADC Classification Committee's explanation as to why inmate is being held in administrative segregation |
| 8/31/15 | I | MX-15-02281 | ADC Classification Committee voted to approve continued administrative segregation but failed to give a reason on the 843-0 form as to why administrative segregation is continued |

At no point did Plaintiff make any allegation of retaliation in any of the nine (9) grievances he filed during his confinement in administrative segregation and

prior to his transfer on October 15, 2015. All of the nine (9) grievances filed by Plaintiff were found to be without merit and were denied. (DE 2, Exhibits A – I, pp. 29-62).

## IV.    Law and Analysis

Plaintiff can present no set of facts that would entitle him to relief against ADC Defendants, and therefore, his Complaint should be dismissed with prejudice.

### A.    ADC Defendants are Entitled to Qualified Immunity in their Individual Capacities as to Plaintiff's Retaliation Claim

Qualified immunity shields governmental employees acting within the scope of their duties from suit for money damages so long as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). Qualified immunity is designed to protect from damage liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 800, 818 (1982). Because qualified immunity is "an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)(emphasis deleted). The Supreme Court has made clear that the "driving force" behind the creation of the qualified immunity doctrine was a desire to ensure that "insubstantial claims against government officials [will] be resolved prior to discovery." *Anderson v. Creighton,* 483 U.S. 635, 640, n. 2 (1987)(internal quotation omitted). Accordingly, the Court "repeatedly ha[s] stressed the importance of resolving immunity

questions at the earliest possible state in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991)(per curiam).

Two questions guide the determination of whether a defendant is entitled to qualified immunity:   (1) whether the plaintiff has shown the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct.   See *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 815-16 (2009) (noting the two-step inquiry for resolving qualified immunity claims mandated by *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151 (2001), and holding that courts may exercise sound discretion in deciding which of the two prongs should be addressed first).

The first question in deciding whether an official is entitled to qualified immunity is whether he violated a federal right at all.  *Coonts v. Potts,* 316 F.3d 745, 750 (8th Cir. 2003).  Defendants acknowledge that an inmate has a First Amendment right to be free from retaliation for utilizing a prison grievance procedure.  To prevail on his retaliation claim, Plaintiff must show 1) he engaged in a protected expression, 2) he suffered an adverse action, and 3) the adverse action was causally related to the protected expression.  *Solomon v. Petray*, 795 F.3d 777, 786–87 (8th Cir. 2015).  Plaintiff's filing grievances admittedly constitutes protected expression under a First Amendment retaliation analysis; however, the Plaintiff's retaliation claim clearly fails on the second and third prongs.

Concerning the third prong, Plaintiff's Complaint fails to allege facts demonstrating a causal connection between his confinement in administrative

6

segregation and his filing of grievances. Plaintiff offers nothing more than speculative and conclusory allegations that his confinement in administrative segregation was the result of a retaliatory motive on the part of ADC Defendants. This is not enough. ("mere speculative or conclusory allegations are insufficient to establish a retaliation claim," *Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999)). None of the nine (9) grievances the Plaintiff filed while in administrative segregation raises or even suggests a claim of retaliation. (DE 2, Exhibits A – I, pp. 29-62). Yet in his Complaint, Plaintiff for the first time indicates he "feels the defendants retaliated on him and used the excessive delay before transferring him to another institution because of his use of the inmate grievance procedure. Nothing else could justify such a lengthy delay." (DE 2, pp. 14-15).

The documents attached to Plaintiff's Complaint provide ample explanation for why Plaintiff remained in administrative segregation. Plaintiff's Complaint indicates that: 1) Plaintiff was placed in administrative segregation 19 days prior to the time he ever filed an initial grievance concerning his classification (DE 2, Ex. A, p. 29); 2) ADC Defendants afforded Plaintiff regular review before the Classification Committee pursuant to policy and procedure (DE 2, Ex. F, p. 50); 3) Plaintiff failed to appear for his 60-day classification review on June 10, 2015 (DE 2, Ex. G, p. 55); and 4) ADC Defendants recommended Plaintiff remain in segregation due to security concerns related to a threat against the Plaintiff (DE 2, Ex. I, p. 60).

In stark contrast, Plaintiff's Complaint offers no factual allegations to support a retaliatory motive beyond speculative and conclusory statements.

Going back to the second prong, Plaintiff did not suffer an adverse action giving rise to an actionable claim. Plaintiff was placed in administrative segregation for his own protection following threats against him by other inmates. (DE 2, Ex. I, p. 60). Further, it is well settled law that placement in administrative segregation for a limited time, even without cause, is not itself an atypical and significant hardship. *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010); *Phillips*, 320 F.3d at 847. Periods of segregation significantly longer than Plaintiff's are not considered atypical and significant hardships. *Orr*, 610 F.3d at 1034 (inmate was not deprived of liberty interest during nine months in administrative segregation).

**B.     Plaintiff's Claim for Declaratory Relief Against ADC Defendants in their Individual Capacity Should be Dismissed**

Beyond Plaintiff's prayer for compensatory and punitive damages, Plaintiff also asks the Court for a "declaration that the acts and omissions" of the ADC Defendants "violated plaintiff's rights under the constitution and laws of the United States." Plaintiff fails to state a claim upon which such relief can be granted. Plaintiff's Complaint fails to allege facts demonstrating an ongoing violation of federal law by the ADC Defendants such that declaratory relief against them in their individual capacities is warranted.

Furthermore, Plaintiff's claim for declaratory relief is moot. The events giving rise to the allegations in the Complaint occurred while Plaintiff was confined at the Maximum Security Unit at Tucker, Arkansas. As evidenced by Plaintiff's Complaint (DE 2, p. 3), Plaintiff's place of present confinement is Varner Supermax at Grady, Arkansas.

The question for determining whether a request for declaratory relief has become moot is whether the facts alleged show a substantial controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk,* 422 U.S. 395, 402, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). In *Martin v. Sargent,* 780 F.2d 1334 (8th Cir.1985), the plaintiff inmate sought injunctive and declaratory relief related to conditions at the Cummins Unit. Plaintiff was moved to the Wrightsville Unit while the case was pending. The Eighth Circuit found that the claims for injunctive and declaratory relief were moot because the plaintiff was no longer subject to the claimed conditions. *Martin,* 780 F.2d at 1337 (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again…").

## C. This Case Should Be Dismissed and the Dismissal Counted as a Strike.

The Prison Litigation Reform Act ("PLRA") contains what is commonly referred to as the "three strikes" provision, codified at 29 U.S.C. § 1915(g). This provision effectively bars a prisoner from filing a civil action or appealing a judgment in a civil action *in forma pauperis* if, on three or more prior occasions, he filed an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. *See* 28 U.S.C. § 1915(g).

This case falls squarely within the provisions of § 1915(g) as it fails to state a claim upon which relief can be granted.  Therefore, this Court should grant a strike against Plaintiff.

### III.    Conclusion

For the foregoing reasons, ADC Defendants respectfully requests that that this Court dismiss Plaintiff's Complaint against them, and all other relief that is just and proper.

Respectfully submitted,

Leslie Rutledge
Attorney General

By:    */s/ William C. Bird III*
Arkansas Bar No. 2005149
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-1317
Facsimile:  (501) 682-2591
william.bird@arkansasag.gov

*Attorneys for Separate Defendants*

## CERTIFICATE OF SERVICE

I, William C. Bird, Assistant Attorney General, do hereby certify that on June 30, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, William C. Bird, hereby certify that on June 30, 2017, I mailed this document by U.S. Postal Service to the following non CM/ECF participant:

Mr. Charles Hamner, ADC #143063
Varner Supermax
Arkansas Department of Correction
P.O. Box 400
Grady, Arkansas 71644-0600

*/s/ William C. Bird III*
William C. Bird III