A

In The United States District Court
Eastern District of Arkansas
Pine Bluff Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 12 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Charles E. Hamner #143063            Plaintiff

V.        Case No. 5:17CV00079 JLH/BD

Danny Burls, et. al.,            Defendant's

"Plaintiff's Response To Defendant's Motion To Dismiss"

On June 30, 2017 the defendant's filed a motion to dismiss the plaintiffs' complaint under 12(b)(6) for failure to state a claim upon which relief can be granted. However, the plaintiffs' complaint specifies a first Amendment constitutional violation of retaliation against each listed defendant who were members of a classification committee that illegally restrained the plaintiff for a period of seven months because of his use of the Ark. dept. of Corr. inmate grievance procedure. The defendant's Adverse Action was taken against the plaintiff after he began grieving that the defendant's weren't in compliance with giving him twenty-four hour notice of a hearing consistent with ⟨Wolff v. McDonnell, 418 U.S. 539 (1974)⟩, After being taken and given a stress analysis test about confidential information he provided that saved a security commander from being physically assaulted. On pg. 4 ⟨Exhibit A⟩ will verify at the top of the page that classification supervisor Connie Jenkins didn't send the plaintiff notice of the hearing until it had already been conducted. The actions of the defendant's weren't only in violation of Ark. dept. of Corr. policy on Administrative segregation classification hearings but, were done to chill the plaintiff from filing grievances about their unprofessional conduct that wasn't to advance legitimate penological goals such as preserving institutional order and discipline or protect the plaintiff as they insinuated

⟨PAGE 1 of 4⟩

A

Had it been a security concern as the defendant's suggested it was in order to protect the plaintiff until he was transferred to another prison unit then, why was the plaintiff left in the prisons general population until March 26, 2015 after talking with Ark. dept. of Corr. Internal Affairs because, inmate Johnny Lee Mills was caught with the knife and cell phone on March 21, 2015 and placed in administrative segregation immediately. Mr. Mills didn't pose any threat to the plaintiff because he had no idea the plaintiff provided the information to security. It was all done to Capt. Gregory Sosa alone in his office with just him and Lt. L.L. Hall, and the plaintiff. For the defendants to insinuate otherwise, should advise the court that they didn't trust each other and that's an emergency situation causing a security breech, between prison administration and trained security personnel. The plaintiffs' complaint should not be dismissed for failure to state a claim because he has proven beyond a doubt facts that support his cause of action throughout ⟨Exhibits A-J⟩ and dismissal under Rule 12(b)(6) operates only to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial activity. Here the plaintiff has proven through his "Exhibits" while exercising his protected constitutional right as an Ark. prisoner and utilizing the Ark. dept. of Corr. inmate grievance procedure about the defendants unprofessional conduct, they took adverse action on him stating they had given him hearings the plaintiff has proven they hadn't and continuously prolonged his housing in administrative segregation for punishment purposes because, they could have transferred him for any reason or for no reason at all as long as it didn't involve retaliation see ⟨Olim v. Wakinekona, 460 U.S. 238 (1983)⟩, and there was a casual connection between the two because, the defendant's done what they did due to the plaintiff exercising his protected right. whenever the defendant's failed to act under color of state law as mandated by the state of Ark. through their employment contract and training, the plaintiff grieved their clearly

⟨PAGE 2 of 4⟩

A

established unprofessional conduct and personal involvement which led to a campaign of harassment throughout the seven months the plaintiff was housed in administrative segregation. Every time the plaintiff grieved misconduct it was found without merit although, if properly investigated by Warden Danny Burls or deputy director Marvin Evans Jr., at any time records would prove otherwise. It was a cover up from the outset. See ⟨Calhoun v. Hargone 312 F.3d 730 (5th Cir. 2002)⟩ Mr. Hanner was locked up in administrative segregation for exercising his constitutional right then, transferred to punish him for complaining about the defendants illegal activities. Prison officials must not use transfers or segregation to restrict your access to the courts See ⟨Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000)⟩ The plaintiff has provided more than a legal conclusion and a set of facts demonstrating that the defendant's violated his First Amendment right to which he's constitutionally and statutorily entitled. See ⟨Exhibits A-J⟩ The plaintiff has provided the court with explicit documentation in ⟨Exhibit A⟩ pgs. 1-4; ⟨Exhibit D⟩ pgs. 1-4; ⟨Exhibit G⟩ pgs. 1-4 his situation wasn't reviewed periodically by the defendants in a meaningful way and by relevant standards to determine whether he should be retained in segregation or returned to population. See ⟨Kelly v. Brewer, 525 F.2d 394, 400 (8th Cir. 1975)⟩ In Williams, 2008 WL 2003319, a court reversed summary judgement in favor of prison officials based on prolonged confinement in administrative segregation whereas, they offered no evidence whatsoever as to why they concluded after each hearing before a committee tasked with reviewing Williams housing status, how he remained a security concern or threat. If there indeed was ever any threat implied or imposed on the plaintiffs life at the maximum security unit then why was he held in its custody for seven months to aggravate that threat as the defendants and there legal counsel suggest whenever, the plaintiff was never in any disciplinary trouble and was a role model inmate with a minimum custody classification score whom, could have been transferred at any time to anywhere in the United States so long as it wasn't done

⟨PAGE 3 of 4⟩

A

to retaliate on him for exercising his constitutional rights. Mr. Mills was housed in a one man cell in administrative segregation as well as the plaintiff. Mr. Mills was held for punishment for his bad behavior and wrongdoings. Mr. Hamner for punishment covered up by a sham of a security concern by defendant's because they believed he hadn't been totally honest with Internal Affairs during the stress analysis testing and investigation. (Exhibit J) is a prison regulation that all the defendant's were personally aware of and was clearly established at the time he or she knew they were acting illegally under color of state law during the plaintiffs' classification hearings. The defendant's all knew the plaintiff was not given twenty-four hour notice to prepare for his hearing, wasn't allowed to call any witnesses and present his views informally. See (Hewitt v. Helms, 459 U.S. 460 (1983)) Things he was all entitled to by Federal law. The defendant's are not entitled to qualified immunity because the plaintiff has shown (1) the violation of a constitutional right, and (2) the right was clearly established at the time of the alleged misconduct. See (Saucier v. Katz, 533 U.S. 194 (2001)) To prevail on his retaliation claim, the plaintiff must show (1) he engaged in a protected activity (filing or utilizing the Ark. dept. of Corr. inmate grievance procedure about defendant's illegal misconduct pursuant to (Exhibit J) classification hearings), (2) he suffered an adverse action (seven months in a one man cell in administrative segregation at a maximum security prison before being transferred to a minimum security prison across the street), (3) the adverse action the plaintiff suffered at the hands of the defendant's was strictly related to his utilization of the Ark. dept. of Corr inmate grievance procedure about there illegal activities during his classification hearings which, resulted in providing false documentation and record keeping. See (Solomon v. Petray, 795 F.3d 777, 786-87 (8th Cir. 2015) For all the reasons listed herein the plaintiff prays defendant's motion to dismiss and qualified immunity be denied with prejudice.

(dated: July 9, 2017)     (signed: Charles E. Hamner #143063)

(PAGE 4 of 4)