# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHARLES E. HAMNER,
ADC #143063                                                                                                                            PLAINTIFF

V.                      CASE NO. 5:17-CV-00079 JLH/BD

DANNY BURLS, et al.                                                                   DEFENDANTS

## PARTIAL RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Partial Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

### II. Background

Charles E. Hamner, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Hamner alleges that Defendants Burls, Jenkins, Williams, Outlaw, and Evans retaliated

against him by holding him in administrative segregation for 203 days before transferring him to another ADC unit.[1]

Defendants have now moved to dismiss Mr. Hamner's claims against them, arguing that they are entitled to qualified immunity. (#16) Mr. Hamner has responded to the motion, and it is ripe for decision. (#19)

## III. Discussion

### A. Standard

In deciding whether a plaintiff has stated a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id*. at 1974.

The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even if the plaintiff is proceeding without the help of a lawyer, however, he must still allege sufficient facts to support his claims. *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799,

---

[1] The Court previously dismissed Mr. Hamner's claims that the Defendants violated his due process rights and that Defendants violated ADC policy and procedure. (#6)

802 (8th Cir. 2006); *Stone v. Harry*, 364 F.3d 912, 913 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989) ("we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded").

### B. Retaliation Claim

In their motion, Defendants first argue that Mr. Hamner's claims fail because he did not complain about retaliatory conduct in the nine grievances that he filed while he was housed in administrative segregation. Defendants rely on the grievances attached to Mr. Hamner's complaint to support their argument.

It is true that Mr. Hamner did not complain of retaliatory conduct in the grievances he attached to his complaint. Even so, at this stage in litigation, the Court must assume that the facts alleged by Mr. Hamner are true. In his complaint, Mr. Hamner specifically states that the Defendants retaliated against him for his use of the grievance procedure by holding him in administrative segregation for 203 days before transferring him to another ADC unit. (#2 at p.p.14-15) If Defendants wish to challenge whether Mr. Hamner fully exhausted his administrative remedies, they may do so in a properly supported motion for summary judgment.

Defendants next argue that Mr. Hamner's allegations are purely speculative. The Court has already screened Mr. Hamner's complaint and, based on his allegations, concluded that he stated retaliation claims. At this stage, Mr. Hamner is not required to present evidence to support his allegations.

Defendants also argue that, according to Mr. Hamner's administrative review papers, he was held in administrative segregation for security concerns. The Court should not dismiss Mr. Hamner's claims on this basis. Defendants rely solely on the administrative segregation review papers dated August 12, 2015, four months after Mr. Hamner's initial assignment to administrative segregation. (#2 at p.60) According to that document, the committee recommended that Mr. Hamner continue to be housed in isolation based on "security concerns." (*Id*.) Mr. Hamner, however, attaches several other administrative segregation review papers to his complaint. In the review papers dated May 13, 2015, no reason was provided for Mr. Hamner to remain in administrative segregation. (#2 at p.36) Similarly, on May 27, 2015, June 3, 2015, and June 10, 2015, no reason was provided for Mr. Hamner to remain in administrative segregation. (*Id*. at pp.49, 44, 53) Furthermore, in several of the grievances that Mr. Hamner submitted, he specifically complained about the committee's failure to provide any basis to continue to hold him in administrative segregation. (*Id*. at pp.35, 39, 43, 47, 48, 52, 59) Based on these records, the Court cannot conclude that, prior to August 12, 2015, Mr. Hamner was held in administrative segregation for security reasons.

C. Qualified Immunity

Defendants contend that they are entitled to qualified immunity. Qualified immunity shields Defendants from liability "unless [their] conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Shekleton v. Eichenberger*, 677 F.3d 361, 365 (8th Cir. 2012) (quoting *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009)). "Qualified immunity gives

government officials breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 134 S.Ct. 3, 5 (2013) (per curiam) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 743 (2011).

In considering qualified immunity, the Court must assume that Mr. Hamner's well pleaded allegations are true. To find that the Defendants are shielded by qualified immunity in this case, the Court would have to conclude that Defendants did not know, and could not have been expected to know, that they could not retaliate against Mr. Hamner for his use of the grievance process. *Dixon v. Brown,* 28 F.3d 379 (8th Cir. 1994) (filing a grievance is protected first amendment activity). At this time, the Defendants are not entitled to qualified immunity.

### D. Request for Declaratory Relief

Defendants also contend that Mr. Hamner's claims for declaratory relief against Defendants in their individual capacities should be dismissed. Defendants argue that, because Mr. Hamner has been transferred to another ADC unit, his request for declaratory relief is now moot.

In his complaint, Mr. Hamner requests that the Court declare "that the acts and omissions described herein violated plaintiff's rights under the constitution and laws of the United States." (#2 at p.27) Because the Court recommends that Mr. Hamner be allowed to proceed on his retaliation claim, the Defendants' request to dismiss Mr. Hamner's request for declaratory relief is premature.

## IV.     Conclusion

At this early stage of the litigation, the Court recommends that the Defendants' motion to dismiss (#16) be DENIED.

DATED this 21st day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE