IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES E. HAMNER, ADC #143063                                              PLAINTIFF

v.                      NO. 5:17CV00079 JLH/BD

DANNY BURLS, *et al.*                                                       DEFENDANTS

**ANSWER**

Comes the Defendants Danny Burl, Connie Jenkins, Maurice Williams, Steve Outlaw, and Marvin Evans, (hereinafter referred to collectively as the "ADC Defendants"), by and through their attorneys Attorney General Leslie Rutledge and Assistant Attorney General William C. Bird III, and for their Answer, do state:

1.    ADC Defendants admit jurisdiction is proper in this Court but deny any and all other allegations contained in paragraph one (1) of the Complaint.

2.    ADC Defendants admit venue is proper in this Court but deny any and all other allegations contained in paragraph two (2) of the Complaint.

3.    ADC Defendants admit the allegations contained in paragraph three (3) of the Complaint.

4.    ADC Defendants admit Defendant Burl is the Warden of the Maximum Security Unit of the ADC and further admit he was a member of the classification committee at all times relevant to the incidents giving rise to this cause of action but deny any and all other allegations contained in paragraph four (4) of the Complaint.

5. ADC Defendants admit Defendant Jenkins was a classification officer at all times relevant to the incidents giving rise to this cause of action but deny any and all other allegations contained in paragraph five (5) of the Complaint.

6. ADC Defendants admit Defendant Williams was a member of the classification committee at all times relevant to the incidents giving rise to this cause of action but deny any and all other allegations contained in paragraph six (6) of the Complaint.

7. ADC Defendants admit Defendant Outlaw was Deputy Warden of the Maximum Security Unit and a member of the classification committee at all times relevant to the incidents giving rise to this cause of action but deny any and all other allegations contained in paragraph seven (7) of the Complaint.

8. ADC Defendants admit Defendant Evans was a deputy director with the ADC at all times relevant to the incidents giving rise to this cause of action but deny any and all other allegations contained in paragraph eight (8) of the Complaint.

9. ADC Defendants deny the allegations contained in paragraph nine (9) of the Complaint.

10. ADC Defendants deny they have retaliated against Plaintiff for use of the inmate grievance procedure.

11. With regard to the allegations contained in paragraphs three (3) through 25 (DE 2, pp. 8-26) of Plaintiff's Complaint, ADC Defendants assert that the various grievances cited by Plaintiff speak for themselves, and ADC Defendants

specifically deny any and all allegations of wrongdoing claimed against them in paragraphs three (3) through 25.

12. With regard to the allegations contained in paragraph 26 of the Complaint, ADC Defendants deny Plaintiff has exhausted his administrative remedies.

13. Paragraph 27 of the Complaint makes no allegations against the ADC Defendants and therefore no response to such allegations is required.

14. ADC Defendants deny the allegations contained in paragraph 28 of the Complaint.

15. ADC Defendants deny the allegations contained in paragraph 29 of the Complaint.

16. ADC Defendants deny the allegations contained in paragraph 30 of the Complaint and deny Plaintiff is entitled to the relief requested therein.

17. ADC Defendants deny the allegations contained in paragraph 31 of the Complaint and deny Plaintiff is entitled to the relief requested therein.

18. ADC Defendants deny the allegations contained in paragraph 32 of the Complaint and deny Plaintiff is entitled to the relief requested therein.

19. Paragraph 33 of the Complaint makes no allegations against the ADC Defendants and therefore no response to such allegations is required.

20. ADC Defendants deny the allegations contained in paragraph 34 of the Complaint and deny Plaintiff is entitled to the relief requested therein.

21. ADC Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein and demands strict proof thereof.

22. ADC Defendants deny Plaintiff is entitled to compensatory or punitive damages.

23. ADC Defendants assert the following affirmative defenses:

   a. Failure to exhaust administrative remedies;

   b. Sovereign and qualified immunity;

   c. Non-compliance with the Prison Litigation Reform Act;

   d. Absence of physical injury;

   e. Failure to state a claim upon which relief can be granted;

   f. Issue or claim preclusion;

   g. Statute of limitations;

   h. Lack of jurisdiction;

   i. No liability under *respondeat superior;*

   j. Failure to mitigate damages;

   k. Punitive damages prohibited by the U.S. and Arkansas Constitutions;

   l. Lack of standing;

   m. Justification;

   n. Waiver;

   o. Failure to join an indispensable party;

24. ADC Defendants reserve the right to assert additional affirmative defenses and amend their Answer pending further investigation of this matter.

WHEREFORE, Separate Defendants Danny Burls, Connie Jenkins, Maurice Williams, Steve Outlaw, and Marvin Evans pray this Court dismiss the Complaint of the Plaintiff, for their reasonable attorneys' fees and costs, and for all other just and proper relief to which she is entitled.

        Respectfully submitted,

        Leslie Rutledge
        Attorney General

By:   */s/ William C. Bird III*
       Arkansas Bar No. 2005149
       Assistant Attorney General
       323 Center Street, Suite 200
       Little Rock, Arkansas 72201
       Telephone: (501) 682-1317
       Facsimile:  (501) 682-2591
       william.bird@arkansasag.gov

*Attorneys for Separate Defendants*

## **CERTIFICATE OF SERVICE**

I, William C. Bird, Assistant Attorney General, do hereby certify that on September 26, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, William C. Bird, hereby certify that on September 26, 2017, I mailed this document by U.S. Postal Service to the following non CM/ECF participant:

Mr. Charles Hamner, ADC #143063
Varner Supermax
Arkansas Department of Correction
P.O. Box 400
Grady, Arkansas 71644-0600

*/s/ William C. Bird III*
William C. Bird III