A

In The United States District Court
Eastern District of Arkansas
Pine Bluff Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 12 2017
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Charles E. Hanner #143063      Plaintiff

V.    Case No. 5:17cv00079 JLH BD

Dann, Burls, et.al.      Defendants

## Response To Defendant's Answer

1) The plaintiff admits jurisdiction is proper in this court but denies any other allegations made by the defendant's in paragraph one of his complaint.

2) The plaintiff admits venue is proper in this court but denies any other allegations made by the defendant's in paragraph two of his complaint.

3) The plaintiff agrees with the defendant's allegations contained in paragraph three of the complaint.

4) The plaintiff agrees defendant Danny Burls is a warden of Maximum Security Unit and further admits he was a member of the classification committee at all times giving rise to his action but denies any other allegations made by the defendants in paragraph four of his complaint.

5) The plaintiff agrees defendant Connie Jenkins was a classification officer at Maximum Security Unit during the time of the incident giving rise to his cause of action but denies any other allegations made by the defendant's in paragraph five of his complaint.

6) The plaintiff agrees Maurice Williams was a major of security and member of the classification committee at all times during the time of the incident giving rise to his cause of action but denies any other allegations made by the defendant's in paragraph six of his complaint.

7) The plaintiff agrees defendant Steve Outlaw was deputy warden of Maximum Security Unit and a member of classification committee at all times during the time of the incident giving rise to his cause of action but denies any other allegations made by the defendant's in



paragraph 7 of his complaint.

B) The plaintiff agrees defendant Marvin Evans Jr. was a deputy director of ADC at all times during the time of the incident giving rise to his claim and denies any other allegation made by the defendant contained in paragraph 8 of his complaint.

) The plaintiff disagrees with the response of the defendant's in paragraph 9 of his complaint.

0) The plaintiff knows the defendants used the grievance procedure to retaliate on him.

1) The plaintiff has verified in paragraphs 3 through 25 of his complaint, that his numerous exhausted grievances concerning the defendant's misconduct speak for themselves about all the wrongdoing claimed against them.

2) With regards to the allegations denied by the defendants in paragraph 26 of his complaint, the plaintiff did exhaust his administrative remedies required by the Ark. Dept. of Corr.

3) Paragraph 27 should be answered by the defendants.

4) The plaintiff denies the defendant's response in paragraph 28 of his complaint.

5) The plaintiff denies the defendant's response in paragraph 29 of his complaint.

6) The plaintiff denies the defendant's response in paragraph 30 of his complaint and knows he is required the relief he requested pursuant to the U.S. Constitution.

7) The plaintiff denies the defendant's response in paragraph 31 of his complaint and knows he's eligible to receive the relief requested therein.

8) The plaintiff denies the defendant's response in paragraph 32 of his complaint and knows he's eligible to receive the relief requested therein.

9) Paragraph 33 should be answered by the defendants.

10) The plaintiff denies the response of the defendant's in paragraph 34 of his complaint and knows he's eligible to receive the relief requested therein.

11) The plaintiff denies each and every answer of the defendant's to his complaint and demands each of them provide strict proof to verify these allegations.

12) The plaintiff is entitled to both, compensatory and punitive damages for deliberate or intentional violation of his U.S. Constitutional rights.

13) The plaintiff asserts (a) He exhausted all administrative remedies (b) defendant's are not eligible for sovereign or qualified immunity (c) Plaintiff complied with the Prison Litigation Reform Act

d) Physical injury is not required when claiming a constitutional violation (e) Plaintiff has stated a constitutional violation in which relief can be granted (f) Plaintiffs' issue or claim is not impossible (g) filed well within the statute of limitations (h) Plaintiffs' case has proper jurisdiction (i) Plaintiffs' not claiming respondeat superior (j) plaintiffs' damages need mitigated by each defendant (k) Punitive damages are not prohibited under the U.S. or Ark. Constitutions (l) Plaintiffs' case holds a firm ground to stand upon (m) Plaintiff has supplied sufficient grounds for justification (n) Plaintiff will not nor has not accepted waiver in his case (o) Plaintiff has joined all absolutely necessary parties to his claim.

14) Plaintiff fails to recognize how defendant's asserting additional affirmative defenses may help hem cover up there malicious and sadistic wrongdoings that violated his constitutional rights or why a further investigation of the matter is even required and wishes each defendant is denied the privilege to do so.

Wherefore, all the reasons listed within his response the plaintiff request just and proper relief to which he's entitled and prays his complaint or case is not dismissed.

Respectfully submitted,

⟨date; October 10, 2017⟩    ⟨signed; Charles E. Hanner #143063⟩