In The United States District Court
Eastern District of Arkansas
Pine Bluff Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FEB 2 7 2018
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Charles E. Hamner #143063     Plaintiff

V.    case no. 5:17cv00079 JLH BD

Danny Burls, et.al     Defendant

"Response To Defendant's Motion To Dismiss"

(1) In the brief in support of defendant's motion to dismiss for failure to state a claim, none of the defendant's raise an argument regarding the plaintiff was a security concern prior to August 12, 2015, or that they could have had the plaintiff transferred at any time they desired since that's the reason they state he was assigned to segregation in the first place, See Danny Burls response (doc. 2-0 pg. 30)

(2) The Court should not dismiss the plaintiffs due process claims due to there was never a reason for his initial assignment to Ad-seg, there was never a reason for his continued assignment before Aug. 12, 2015, the head of the institution wasn't proven to be the one making the decision of the plaintiffs assignment rather than a panel of subordinate employees, the plaintiff wasn't getting meaningful, relevant, or periodical reviews.

(3) Furthermore, A decision as to Administration of prisoner's should be made by or under the supervision of the head of the institution rather than by a panel of subordinate prison employees. An inmate held in segregation for a prolonged or indefinite period, "due process requires" the situation reviewed periodically, meaningfully, by relevant standards. (Kelly v. Brewer, 525 F.2d 394 (1975)

&lt; PAGE 1 OF 2 &gt;

(4) Furthermore, the plaintiff has a right to challenge prison supervisors and prison policies. In Women Prisoners of District of Columbia, Dept. of Corr. v. District of Columbia, 93 F.3d 910 (D.C. Cir. 1996), ordered the prison to implement a new inmate grievance procedure.

(5) "Pain" constitutes injury in the (8th Cir.) The defendant's have not proven that they did not know the plaintiff was not getting his mental health meds or the pain and suffering he endured do to it. Remember that Court's disagree on whether the PLRA bars claims for damages that rely on a showing of emotional or mental injury without a showing of physical injury.

(6) Some courts have held that constant isolation, illumination, and other sensory deprivations for prisoners with serious mental health issues violates the Eigth Amendment. (Jones EL v. Burge, 164 F.Supp.2d 1096 (W.D. Wisc 2001) The defendant's all knew the plaintiff was a mentally ill inmate. They knew that placing him in segregation was a future risk to his health and safety.

(7) The plaintiff has proven that he did not receive adequate medical care as prescribed by the health care provider. (doc.5-0 pgs. 4-6) The deprivation of his medication caused an undue hardship which caused pain and suffering and was a form of cruel and unusual punishment prohibited by the 8th Amend. Therefore his claim should not fail for failure to provide medical care.

(8) Furthermore, the plaintiffs claim of cruel and unusual punishment against all defendant's should not be dismissed because he has proven that they could have had him transferred at any time instead of keeping him housed in solitary confinement for several months before doing so and none of them argue that point or gave a reason for continued segregation until Aug. 12, 2015.

(dated: February 26, 2018) (signed: Charles E. Hanner 143063)

&lt; PAGE 2 OF 2 &gt;