IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHARLES E. HAMNER,**
**ADC #143063**                                                                              **PLAINTIFF**

**V.**                          **CASE NO. 5:17-CV-79-JLH-BD**

**DANNY BURLS, et al.**                                                                  **DEFENDANTS**

RECOMMENDED DISPOSITION

**I**.   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for your objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, parties risk waiving the right to appeal questions of fact.

**II.**   **Discussion**

**A. Background**

Charles E. Hamner, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983, without the help of a lawyer. (Docket entry #2) Mr. Hamner claimed that Defendants Burls, Jenkins, Williams, Outlaw, and Evans retaliated against him by holding him in administrative segregation for 203 days before transferring

him to another ADC unit. The Court dismissed, with prejudice, Mr. Hamner's claim that the Defendants violated his due process rights and his claim that Defendants violated ADC policy and procedure. (#6)

Defendants moved for summary judgment based on Mr. Hamner's failure to fully exhaust his administrative remedies before filing this lawsuit. (#26) After this Court recommended that the Defendants' motion be granted (#32), Mr. Hamner filed a motion to amend his complaint. (#33) Judge Holmes granted the motion to amend and declined to adopt this Court's recommendation. (#35)

Mr. Hamner has now filed his amended complaint (#36), and the Defendants have moved to dismiss. (#37) Mr. Hamner has responded to the motion, and it is ripe for review. (#39)

### B. Due Process and Violation of ADC Policy and Procedure

In his amended complaint, Mr. Hamner provides additional information to support his due process claim. He again complains that he was not afforded a probable cause hearing within seventy-two hours of being placed in administrative segregation and that he was not provided meaningful reviews while he was housed in segregation for nearly seven months.

In determining whether prison officials denied a prisoner due process in assigning him to administrative segregation, courts consider two factors. The first question is whether the prisoner-plaintiff has demonstrated that he was deprived of life, liberty, or property in his assignment to administrative segregation. *Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011) (quoting *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003)).

As explained in a previous order, "[t]o prevail on such a claim based on prison housing, an inmate must show that the segregation created an 'atypical and significant hardship on him in relation to the ordinary incidents of prison life' to demonstrate that his liberty interest was curtailed." *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002) (alteration omitted) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Only if a liberty interest is implicated does the Court determine the process necessary to protect that interest. *Clark v. Brewer*, 776 f.2d 226, 232 (8th Cir. 1985).

Here, the Court dismissed Mr. Hamner's due process claim, with prejudice, because his allegations did not demonstrate that he was deprived of a protected liberty interest. Mr. Hamner's seven-month assignment to administrative segregation was not long enough to trigger due process protection. The Court of Appeals for the Eighth Circuit has found no due process violation in cases where inmates were held in segregation for periods longer than the seven-month period Mr. Hamner alleges. See *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Rahman X v. Morgan,* 300 F.3d 970, 974 (8th Cir. 2002) (inmate's placement in administrative segregation for twenty-six months without a disciplinary charge or conviction did not "demonstrate that his liberty interest was curtailed"); and *Furlough v. Brandon,* 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim after being assigned to administrative segregation for nearly nine months).

Even assuming that the additional information provided in Mr. Hamner's amended complaint is accurate, under current case law, Mr. Hamner did not suffer an "atypical and

3

significant hardship" during his time in administrative segregation. There is no basis for the Court to reconsider its recommendation that Mr. Hamner's claims be dismissed.

Likewise, Mr. Hamner has not provided any additional information that would lead the Court to reconsider its recommendation that Judge Holmes dismiss his claim that Defendants violated ADC policy and procedure. The failure to follow prison rules is not conduct that rises to the level of a constitutional deprivation.

### C. Retaliation

The Court previously determined that Mr. Hamner had failed to exhaust his administrative remedies regarding retaliation claims against the Defendants. In his amended complaint, Mr. Hamner has offered no evidence showing that he did exhaust a retaliation claim. The Court must again recommend, therefore, that Mr. Hamner's retaliation claim be dismissed, without prejudice, based on his failure to exhaust administrative remedies before filing this lawsuit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

### D. Deliberate Indifference to Medical Needs

In his amended complaint, Mr. Hamner complains that his "'pleas' for psychological treatment were 'ignored'" and that he "was deprived of his . . . medication as prescribed by his healthcare provider while he was housed in administrative segregation." (#36 at pp.4-5) Mr. Hamner does not allege that any of the Defendants in this case were aware of his need for mental health treatment or medication. Furthermore, he fails to allege that any of the Defendants ignored or acted with deliberate indifference

to such needs. His failure to include these critical allegations is fatal to his claim. *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006) ("[t]he subjective inquiry must show a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health").[1]

### III. Conclusion

The Court recommends that the Defendants' motion to dismiss (#37) be GRANTED. The Court should not reconsider its dismissal of Mr. Hamner's due process claim, or his claim that Defendants violated ADC policy and procedure. Mr. Hamner's retaliation claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies. Likewise, his claim that he was denied adequate medical treatment during his assignment to administrative segregation should also be DISMISSED, without prejudice.

DATED this 9th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In their motion to dismiss, Defendants describe Mr. Hamner's claim that they imposed cruel and unusual punishment by placing him in administrative segregation as "a re-packaging of Plaintiff's original due process claims" and seek dismissal on that basis, as well. (#38 at p.4) Because the Court has determined that Mr. Hamner's deliberate-indifference claim under the Eighth Amendment fails, however, it is unnecessary for the Court to further analyze this claim.