In The United States District Court
Eastern District of Arkansas
Pine Bluff Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 23 2018
JAMES W. McCORMACK, CLERK
By: _____ DEPUTY

Charles E. Hamner #143063 — Plaintiff

V.     Case # 5:17-cv-00079-JLH-BD

Danny Burls, et. al, — Defendant

"Plaintiff's objection to Recommended Disposition"

① The plaintiff objects for the following reasons. The court has recommended that the plaintiff does not have a liberty interest in the time he was held for 203 day's in administrative segregation because it decided he wasn't faced with an Atypical and significant hardship compared to the ordinary incidents of prison life. However, the plaintiff begs to differ being as he is a mental health inmate who was not given relevant, periodical, and meaningful reviews for the first 140 days of his forced assignment into segregation. Furthermore, there was no indication of why he was even placed in segregation until August 12, 2015. see (doc. 2-0 pgs. 36, 44, 49, 53, 40, 60)

② The plaintiff was never given notice of a hearing or what charges the prison administration held against him to cause his solitary confinement until the hearing was held without his attendance (doc. 2-0 pg. 32) When placement in administrative segregation impairs an inmate's liberty interest, the due process clause "requires" prison officials to provide the inmate with "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. See (Bruce v. Yist, 351 F.3d 1283, 1287 (2003) There was never a reason indicated for segregating the plaintiff until Aug. 12, 2015 (doc. 20 pg. 60)

PAGE 1 OF 4

③ In addition to the notice and opportunity for presentation requirements, due process requires prison officials to have an evidentiary basis for their decision to place an inmate in segregation for administrative reasons. See (Superintendent v. Hill, 472 U.S. 445, 455 (1985)) The evidentiary basis is satisfied if there is "some evidence" from which a court can deduce an administrative tribunal's conclusion. (Hill, 472 U.S. at 455); (Toussaint v. McCarthy, 801 F.2d at 1104-05). The evidence relied upon "must" have some indicia of reliability. (Madrid v. Gomez, 889 F.Supp. 1146, 1273-74 (1995). In the plaintiff's matter he was placed in segregation on March 26, 2015 and was not given a reason for his placement in segregation until August 12, 2015 several months after the fact. See (doc. 2-0 pgs. 29, 60) The plaintiff was never in any disciplinary trouble and prison officials never proved any evidentiary basis for their decision to segregate the plaintiff at the outset which deprived him of his life and liberty and his rights to due process.

④ Due process "requires" that prison officials engage in some sort of periodic review of an inmate's confinement in segregation. See (Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983)) These periodic reviews "must" be more than meaningless gestures to satisfy due process. See (Toussaint v. McCarthy, 926 F.2d 800, 802-03 (1990)) The plaintiff has introduced evidence to the court that clearly indicates he had meaningless reviews that failed to satisfy due process, (doc. 2-0 pgs. 36, 44, 49, 53, 40) because their was never a reason for initial assignment or an action or reason given for his continued segregation in any of these reviews, in which two times the prison administration didn't even vote to continue his segregation (doc. 2-0 pgs. 40, 53) and failed to give a reason for his continued segregation until August 12, 2015 (doc. 2-0 pg. 60).

< Page 2 of 4 >

(5) Furthermore, discovery was stayed in the plaintiffs case on October 5, 2017 (doc. 24-0 pg.1) not allowing him to seek additional evidence from the defendant's proving there was more than one time he filed a grievance regarding not receiving his prescribed mental health medication and that the defendant's were aware of the matter and that he suffered from a serious mental illness and medical need and that segregation exacerbated his condition and they acted deliberately indifferent to it. It is not fair in the eyes of the law to withhold valuable evidence in this cause of action that will very well deny and deprive the plaintiff of his right to justice in this civil action at hand. He should be allowed discovery so he can verify to the court the facts of his case at hand.

(6) The plaintiff takes (3) three medications daily for his mental impairment. Warden Danny Burls told the plaintiff he was placed in segregation pending a transfer to another unit (doc. 2-0 pg.3) However, the plaintiff could have been transferred at any time because the Ark. dept. of Corr. has a transportation division that is obligated to transferring inmates (5) five days per week. The plaintiff suffers from anti-social personality disorder, borderline personality disorder, post traumatic stress disorder and never received a disciplinary prior to being placed in segregation. The U.S. Court of Appeals (E.D. Cal.) held that the placement of seriously mentally ill inmates in harsh non-therapeutic conditions of Ad-seg units for non-disciplinary reasons for more than a minimal period necessary to effect transfer to a housing assignment violates the eighth amendment. See (Coleman v. Brown, 28 F. Supp. 3d 1068 (2014)) The plaintiff should have never been held in segregation for the duration he was. For many months there was never even a reason for his initial placement in segregation. The plaintiff was placed in segregation by the defendant's as a punishment measure and it greatly exacerbated his mental health condition.

<PAGE 3 of 4>

⑦ Before the plaintiff's case is dismissed in its entirety for failure to exhaust his administrative remedies against the defendant's, he should be given a chance to exhaust his administrative remedies against the named defendant's and pursue the civil action at hand.

⑧ Furthermore, the plaintiff suffers from mental illness and has a serious medical need and has proven to the court he often did not receive his prescribed medication and medical treatment as mandated by a healthcare physician. Courts have held that placing people with mental illness into segregation can violate the Eighth amendment because they are particularly susceptible to the psychological effects of isolation, so placement in segregation might be atypical and significant for them where it would not be for a person without mental illness. See (Inmates of Occoquan v. Barry, 717 F.Supp. 854, 868 (D.D.C. 1989) (holding that inmates with mental health problems "must" be placed in a separate area or a hospital and not in administrative/punitive segregation area.) See (Casey v. Lewis, 834 F.Supp. 1477, 1548-49 (D. Ariz. 1993) (condemning placement and retention of mentally ill prisoners in lockdown status.) See (Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (citing evidence that prison officials would be concerned about psychological harm after 90 days of extreme isolation.) See (Koch v. Lewis, 216 F. Supp. 2d 994, 1001 (D. Ariz. 2001) (citing "detrimental pathological effect" in finding extreme isolated confinement atypical and significant.) The defendant's knew the plaintiff suffered from a serious mental illness because they reviewed his institutional jacket each time he seen them for classification hearings. Furthermore, Mr. Engstrom was the plaintiff's mental health counselor and resided on the classification committee and often ask the plaintiff at his hearings in front of the defendants' if he was receiving his medication as prescribed to him.

(dated: April 18, 2018)   (signed: Charles E. Hanner #743063)

<PAGE 4 of 4>